NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3161

ROBERT J. WIESER,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Robert J.  Wieser, of Independence, Missouri, pro se.

Robert E. Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.  Of counsel was William M. Edwards, United States Army Corps of Engineers, of Kansas City, Missouri.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3161

ROBERT J. WIESER,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of the Merit Systems Protection Board in CH-0752-06-0107-B-1.

_____

DECIDED:  June 4, 2008

_____

Before BRYSON and PROST, <u>Circuit Judges</u>, and ZAGEL, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Robert J. Wieser petitions for review of a decision of the Merit Systems Protection Board sustaining his removal by the Department of the Army for refusing to accept a management directed reassignment.  We <u>affirm</u>.

_____

[*]    Honorable James B. Zagel, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

BACKGROUND

Mr. Wieser was employed as a civil engineer with the Army Corps of Engineers in the agency's Kansas City, Missouri, office. In August 2004, the agency notified him that he would be reassigned from the Kansas City office to the agency's office in Ft. Riley, Kansas. After being given an extension of time within which to consider his decision, Mr. Wieser declined to accept the reassignment. The agency then removed him for failing to accept a lawful reassignment.

Mr. Wieser appealed his removal to the Merit Systems Protection Board. The administrative judge who was assigned to his appeal found that the management directed reassignment was lawful, in that it was based on legitimate management considerations and Mr. Wieser had been given adequate notice of the reassignment. The administrative judge rejected Mr. Wieser's arguments that the Ft. Riley position should have been filled through an outside hire or, alternatively, that others in his office should have been chosen in place of him. The administrative judge explained that the agency was under no legal obligation to fill the position with an outside hire or to fill it with someone having less seniority than Mr. Wieser. Mr. Wieser petitioned for review by the full Board, but the petition for review was denied. Mr. Wieser now petitions for review by this court.

DISCUSSION

In order to justify removing an employee based on a management directed reassignment, the agency must show that its decision to reassign the employee was based on legitimate management considerations, that the employee was given adequate notice of the reassignment, and that the employee refused to accept the

2007-3161                          2

reassignment.  <u>Frey v. Dep't of Labor</u>, 359 F.3d 1355, 1360 (Fed. Cir. 2004).  Mr. Wieser plainly refused to accept the reassignment; he argues, however, that the reassignment was unlawful and that he was not given sufficient notice of the reassignment.  We hold that neither argument has merit because substantial evidence supports the Board's finding that the agency's reassignment was lawful and that Mr. Wieser was given adequate notice of the reassignment.

The evidence as to the reason for the reassignment showed that the agency was undergoing a restructuring of its operations and that it needed to realign its field offices to meet short and long term objectives.  In particular, the evidence showed that the agency anticipated a shift in the volume of work from the Kansas City office to the office in Ft. Riley.  As the government points out, Mr. Wieser has not challenged the agency's showing that it needed additional manpower at the Ft. Riley office; instead, he has focused principally on the contention that the agency should have met that need in some way other than transferring him.

Mr. Wieser argues that the agency should have hired someone from outside the agency to fill the position in Ft. Riley or should have transferred an employee with less seniority or one of the employees who, unlike him, had signed a "mobility agreement." There is simply no legal requirement, however, that the agency limit its options in that manner.  As stated by the administrative judge, the agency's authority to reassign its employees is based on regulations that do not make the agency's power to transfer an employee dependent on the employee's execution of a mobility agreement.  <u>See</u> 5 C.F.R. §§ 335.102, 335.103.  Nor is there any legal requirement that the agency transfer those with less seniority before considering more senior employees for transfer.

Moreover, as the administrative law judge explained, hiring someone from outside the agency to fill the position in Ft. Riley would not have served the purpose of reducing the staffing at the Kansas City office, which was one of the objectives of the transfer. The administrative judge thus found that the agency acted within its legal rights to direct Mr. Wieser's reassignment. In addition, the administrative judge rejected Mr. Wieser's contention that the agency's action was simply a ploy to force him to resign or retire. Because substantial evidence supports the findings on which the administrative judge based her conclusion that the agency's action was lawful, we sustain that conclusion.

Mr. Wieser argues that he was not given sufficient notice of his reassignment. His claim, however, is not based on lack of notice of the reassignment, but instead is based on his contention that because the agency did not require him to sign a mobility agreement and did not otherwise advise him at the outset of his employment that he was subject to reassignment, the agency should be barred from reassigning him at all. That is not a claim of lack of notice as that term is used in cases such as Frey v. Department of Labor, supra, dealing with management directed reassignments. The argument instead amounts to a contention that the agency is barred from transferring him because of its failure to advise him earlier that he might be transferred and to obtain his consent to such a transfer. As we noted above, however, the agency's right to transfer employees is a function of agency authority pursuant to regulations promulgated by the Office of Personnel Management; the agency does not obtain its right to transfer from a particular employee's consent, nor is it denied the right to transfer a particular employee because that employee has not previously given such consent or been specifically notified of the possibility of a transfer at some time in the

future. There is therefore no force to Mr. Wieser's argument regarding the lack of notice.

Finally, we reject Mr. Wieser's argument that removal was an inappropriate penalty for his refusal to comply with the reassignment. To say that an agency must select a penalty other than removal when an employee unjustifiably refuses a reassignment is in effect to say that the agency cannot insist on compliance with a lawful reassignment order. Because the agency is entitled to insist that the employee accept the reassignment, the agency is not required to leave the employee in place if the employee refuses to move. See Frey, 359 F.3d at 1360. We therefore uphold the Board's decision sustaining the removal action in this case.